IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA L. DELANO, | No.: 3:23-cv-177 |
| Plaintiff, | *Electronically Filed* |
| v. | |
| PROGRESSIVE SPECIALTY INSURANCE CO., | |
| Defendant. | |

## NOTICE OF REMOVAL

AND NOW, comes the Defendant, PROGRESSIVE SPECIALTY INSURANCE CO. ("Progressive"), by and through its attorney, KERRI SHIMBORSKE-ABEL, ESQUIRE and ZIMMER KUNZ, PLLC, and files the following Notice of Removal of the above-captioned action to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Somerset County, Pennsylvania pursuant to 28 U.S.C. § 1441 et seq. and, in support thereof, aver as follows:

**I.     NATURE OF ACTION**

1.     This civil action arises out of a breach of contract claim for underinsured motorist coverage. See Complaint, Count I, attached within the Pleadings, marked as Exhibit "A".

2.     As a result of the underlying accident, Plaintiff claims that she was diagnosed with a closed fracture of the right tibial plateau, laceration of the right hand without foreign body, rib pain on the right side, tenderness to palpation of the interior right ribs around the T5-T9, tenderness to palpation of the proximal right posterior femur and right anterior tibia, bruising over the right interior shin midway down the leg, a laceration of her hand and first digit, bruises, abrasions and

lacerations, which damages allegedly exceed the tortfeasor's policy limit. See Plaintiff's Complaint at ¶ 21(a) and Count I.

## II.     PROCEDURAL HISTORY

3. On July 17, 2023, Plaintiff filed her Complaint against Progressive Specialty Insurance Co. at Docket No. 421 Civil 2023.

4. Progressive accepted service of the Complaint on July 17, 2023.

5. Pursuant to 28 U.S.C. § 1332, a matter may be removed to federal court based upon the complete diversity of citizenship of the parties.

6. Pursuant to 28 U.S.C. § 1446(b)(1), defendant has thirty (30) days after receipt of the Complaint to file a notice of removal.

7. This Notice of Removal is being filed within thirty (30) days of receipt of the Complaint by the removing defendant pursuant to 28 U.S.C. § 1446(b)(1).

8. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the litigation is between parties from different states.

## III.    DIVERSITY OF THE PARTIES

9. Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." *In re Brisco*, 448 F.3d 201, 215 (3d Cir. 2016).

10. "The party asserting diversity jurisdiction bears the burden of proof." *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3rd Cir. 2006).

11. "A party generally meets this burden by proving diversity of citizenship by a preponderance of evidence." Id.

12. A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13. Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

14. Plaintiff alleges that she is a resident of Stoystown, Pennsylvania. See Exhibit "A," Complaint, ¶ 1.

15. In her Complaint, Plaintiff acknowledges that Progressive is a corporation that is not registered to do business in Pennsylvania, having a principal place of business and mailing address of P. O. Box 6807, Cleveland, Ohio 44101. See Exhibit "A", Complaint, ¶ 2.

### A. Citizenship of Progressive Specialty Insurance Co.

16. Progressive Specialty Insurance Co. is an Ohio corporation.

17. Progressive Specialty Insurance Company is owned by Progressive Direct Holdings, Inc., an Ohio corporation, which is owned by Drive Insurance Holdings, Inc., a Delaware corporation which is owned by the Progressive Corporation, an Ohio corporation.

18. None of Progressive's limited or general partners are citizens of the State of Pennsylvania.

## IV. THE AMOUNT IN CONTROVERSY IS ALLEGEDLY GREATER THAN $75,000

19. Prior to removing this matter, undersigned counsel contacted Plaintiff's counsel and asked Plaintiff to stipulate that the amount at issue was $75,000 or less, exclusive of interest and costs in relation to her claims; but Plaintiff was not agreeable to same.

20. Accordingly, Progressive avers that Plaintiff is seeking monetary damages in excess of $75,000, exclusive of interest and costs in relation to her claims.

21. Removal from state court to the United States District Court for the Western District of Pennsylvania is therefore permissible pursuant to 28 U.S.C. §§ 1441(a) and 1446.

22. All parties will receive written notice of the filing of this removal as required by 28 U.S.C. § 1446(d).

23. Notice of this removal will be provided to the Prothonotary of the Court of Common Pleas of Somerset County in a Notice of Filing of Removal substantially similar to the example attached hereto and marked as Exhibit "B".

WHEREFORE, Defendant, Progressive Specialty Insurance Co., provides this Notice that the action is being hereby removed to the United States District Court for the Western District of Pennsylvania.

**A JURY TRIAL IS DEMANDED OF 12 JURORS IN THIS MATTER BY DEFENDANT**

    Respectfully submitted,

    */s/ Kerri Shimborske-Abel, Esquire*
    KERRI SHIMBORSKE-ABEL, ESQUIRE
    Pa. I.D. 93011

    ZIMMER KUNZ, PLLC
    Firm #920
    132 South Main Street, Suite 400
    Greensburg, PA 15601
    (724) 836-5400
    Counsel for Defendant
    Progressive Specialty Insurance Co.

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the within NOTICE OF REMOVAL was forwarded to counsel below named by United States Mail and/or e-mail on the 3rd day of August, 2023:

Vincent J. Barbera, Esquire
146 West Main Street
P.O. Box 775
Somerset, PA 15501-0775
Counsel for Plaintiff

Respectfully submitted,

*/s/ Kerri Shimborske-Abel, Esquire*
KERRI SHIMBORSKE-ABEL, ESQUIRE
Pa. I.D. 93011

ZIMMER KUNZ, PLLC
Firm #920
132 South Main Street, Suite 400
Greensburg, PA 15601
(724) 836-5400
Counsel for Defendant